IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-3146-WJM-MJW

RAUL ENRIQUE MORENO,

    Plaintiff,

v.

KIRSTJEN NIELSEN, in her official capacity as Secretary of U.S. Department of Homeland Security;
LEE FRANCIS CISSNA, in his official capacity as Director of the U.S. Citizenship and Immigration Services;
KRISTI BARROWS, in her official capacity as Regional Director of U.S. Citizenship and Immigration Services;
ANDREW LAMBRECHT, in his official capacity as Field Office Director of the USCIS Field Office at Denver, Colorado,

    Defendants.

# ORDER GRANTING DEFENDANTS' MOTION
# FOR REMAND TO THE USCIS FOR DECISION

    Raul Moreno ("Plaintiff") asks this Court to review his claim for citizenship pursuant to 8 U.S.C. § 1447(b), which grants authority to a federal district court to consider an application for citizenship if the United States Citizenship and Immigration Services ("USCIS") does not issue a decision on an application within 120 days of an applicant's interview with USCIS. (ECF No. 1.) Defendants Kirstjen Nielsen, Lee Francis Cissna, Kristi Barrows, and Andrew Lambrecht (jointly, "Defendants") are sued in their official capacities and each oversees some aspect of USCIS.

    Currently before the Court is Defendants' Motion to Remand this matter to USCIS for a decision on Plaintiff's application for naturalization. (ECF No. 26 (the

"Remand Motion").) For the reasons set forth below, the Remand Motion is GRANTED.

## I. BACKGROUND

Over two-and-a-half years ago, on August 21, 2015, Plaintiff—a legal permanent resident of the United States since March 2007—submitted to USCIS an N-400 Application for Naturalization. (ECF No. 1 ¶¶ 12, 18, 28.) On March 24, 2017, Plaintiff appeared before USCIS for his initial examination on his naturalization application. (ECF No. 1-7.) At that time, USCIS informed Plaintiff that it could not yet make a decision about his application, and that USCIS would send Plaintiff a written decision. *Id.*

On April 12, 2017, USCIS requested additional documentation from Plaintiff including (1) an original letter from the 5th District Federal Prosecutor's Officer in Venezuela confirming that an arrest warrant had been quashed; (2) a police clearance letter from the Venezuelan authorities; and (3) documentation from Interpol confirming whether a warrant for Plaintiff's arrest was still active. (ECF No. 1-9.) On May 10, 2017, Plaintiff submitted a timely response to USCIS with the requested documentation regarding the second and third requests. In response to the first request, Plaintiff instead submitted (1) a legal brief by an extradition expert explaining that the pending arrest warrant was politically motivated and the extradition request violated Venezuelan law; (2) an affidavit from Venezuelan lawyer and law professor stating that the warrant lacked credibility and was issued illegally; and (3) an affidavit from a former prosecutor opining that the arrest warrant was not legally valid.

USCIS took no discernable action on Plaintiff's application for nearly a year. At a March 2018 status conference in the instant litigation, USCIS first raised the existence

of new information, apparently obtained in February 2018, that showed Plaintiff's apparent involvement in several criminal incidents in Venezuela. (ECF Nos. 26 at 2; 40-1.)[1] Defendants explained in the Remand Motion that the delay in processing Plaintiff's application was due to the "limited diplomatic relationship that the United States has with the government of Venezuela," and the time required to investigate Plaintiff's potential criminal history in Venezuela. (ECF No. 26 at 2.)

The information, a "system report," obtained by USCIS suggests that Plaintiff was connected to a theft offense in June 1999, was arrested in connection with "destruction of media" in June 1999, was investigated for fraud in 2004, and is subject to an arrest warrant issued in 2008 for intentional homicide. (ECF Nos. 26 at 2; 40-1 at 4.) Plaintiff objects to reliance on this new evidence given that the "system report" is not a police record and "does not credibly support [Defendants'] position." (ECF No. 41 at 5–6.)

On April 12, 2018, USCIS issued Plaintiff a Notice of Intent to Deny letter ("NOID") denying Plaintiff's naturalization application on the grounds he failed to establish good moral character due to the outstanding Venezuelan arrest warrant, and potentially because he obtained his permanent resident status unlawfully and gave false testimony during his naturalization interview. (ECF No. 41-2.) Pursuant to an agreement between the parties, USCIS withdrew the NOID on April 18, 2018. (ECF No. 41-3.)

---

[1] On a motion from Plaintiff, this Court ordered limited expedited discovery of these documents. (ECF No. 39.) Defendants produced the documents on April 26, 2018. (ECF No. 40.)

## II. LEGAL STANDARD

Under 8 U.S.C. § 1447(b), an applicant for naturalization may seek review of the application in a United States district court when USCIS fails to make a determination on the application within 120 days of examination of the applicant. "The central purpose of Section 1447(b) was to reduce the waiting time for naturalization applicants by addressing the problem of long backlogs moving through the naturalization process." *Aboeleyoun v. U.S. Citizenship and Immigration Servs.*, 2008 WL 1883564 (D. Colo. Apr. 25, 2008) (internal quotation marks omitted). The interview of the applicant is the "examination" that triggers the 120-day period, regardless of whether any criminal background check is complete. *Sabir v. U.S. Citizenship and Immigration Servs.*, 2008 WL 762242 (D. Colo. Mar. 19, 2008) (collecting cases). After the 120-day waiting period, the court has jurisdiction and "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." 8 U.S.C. § 1447(b).

For courts reviewing naturalization applications under § 1447(b), "remand is often the ordinary course," though "some courts . . . have elected to exercise their statutory authority . . . particularly in the face of protracted agency delay." *Taalebinezhaad v. Chertoff*, 581 F. Supp. 2d 243, 246 (D. Mass. 2008); *see Borski v. Lynch*, 2017 WL 1153997, at *6 (D. Colo. Mar. 27, 2017) (a court should decide a naturalization application only in "narrow circumstances" where USCIS "unnecessarily delays" consideration of the application). Most courts remand matters back to USCIS with instructions, recognizing the agency's expertise in immigration matters. *Manzoor v.*

*Chertoff*, 472 F. Supp. 2d 801, 810 (E.D. Va. 2007); *see also Marron v. Napolitano*, 2011 WL 6032930 (D. Colo. Dec. 5, 2011) (Martínez, J.). "USCIS is better equipped to handle these cases and has more expertise than district courts in adjudicating applications." *Rashid v. Dep't of Homeland Sec.*, 2017 WL 1398847, at *2 (E.D. Cal. Apr. 19, 2017); *Zhang v. U.S. Citizenship and Immigration Servs.*, 2017 WL 3190559, at *2 (D.D.C. July 26, 2017).

### III. ANALYSIS

This Court has jurisdiction under § 1447(b). Plaintiff's initial examination occurred on March 24, 2017, and more than 120 days have elapsed since that interview with no decision on the application from USCIS.

Defendants argue that a remand will allow USCIS to apply its expertise on immigration matters, develop the administrative record, and fulfill its statutory obligations. *See Rachid*, 2017 WL 1398847, at *2. The Court agrees. In light of the agency's expertise in immigration, this Court will remand Plaintiff's naturalization application for a determination in the first instance. The Court recognizes that, given the agency's expertise, USCIS is in the best position to evaluate the new information obtained from Venezuela and Plaintiff's arguments about those documents.

USCIS's delay in issuing a decision was not an unnecessary delay. Defendants explain that the delay was attributable to difficulty in obtaining documents from Plaintiff's home country, and Defendants' subsequent evaluation of those documents. (ECF No. 26 at 2.) Given Defendants' explanation, this matter does not appear to be a circumstance where USCIS *unnecessarily* delayed consideration of the application.

*See Borski*, 2017 WL 1153997, at *6.

Plaintiff opposes remand in part out of concern that he has already faced protracted agency delay, and that it may be several more years before he has a final decision on his naturalization application. He argues that judicial review will expedite a decision on Plaintiff's application. (ECF No. 41 at 7.)

Defendants have indicated that USCIS does not need much additional time to issue a decision, and indeed has already issued a (later-withdrawn) NOID on Plaintiff's application. (ECF No. 26 at 6.) Defendants backtrack from this position somewhat in their reply brief in support of the Remand Motion, suggesting that they may need some additional time to evaluate Plaintiff's arguments about the veracity and reliability of the new evidence. (ECF No. 42 at 3, 5–7.) However, Defendants have been in possession of the additional information since at least February of this year and have, apparently, evaluated its significance in relation to Plaintiff's application, as evidenced by the withdrawn NOID. USCIS's readiness to issue an NOID assuages this Court's concern about Plaintiff's application languishing before USCIS without a decision. Nonetheless, the Court will remand with instructions to USCIS to issue a decision by July 31, 2018.

Plaintiff also argues against remand citing concerns for judicial economy and agency bias. These concerns are misplaced. The Court finds it is in the interest of judicial economy to allow the agency with subject matter expertise in immigration to evaluate Plaintiff's application in the first instance. *See Zhang*, 2017 WL 3190559, at *2. If Plaintiff disagrees with the outcome, he may seek administrative and judicial review on a more fully-developed record. The Court also rejects Plaintiff's assertion of bias or other impropriety concerning processing of Plaintiff's naturalization application.

(ECF No. 41 at 13–15.)  To the extent that USCIS exhibits actual bias in its decision, erroneously interprets evidence, or fails to adhere to federal regulations in making a determination, Plaintiff may seek appropriate administrative and judicial remedies in the future.

Accordingly, Court will remand for agency determination in the first instance, but require that USCIS issue a final agency decision no later than **July 31, 2018.**

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Defendants' Motion to Remand to the USCIS for Decision (ECF No. 26) is GRANTED with instructions to USCIS to issue a decision by July 31, 2018;

2. This action is STAYED until the earlier of either:

    a. Issuance of a final agency decision on Plaintiff's naturalization, at which time the parties shall file a status report informing the Court of the same; or

    b. July 31, 2018, in which case the parties shall file, by no later than that date, a status report explaining developments since the entry of this Order.

Dated this 29th day of May, 2018.

BY THE COURT:

William J. Martinez
United States District Judge